## The Commonwealth to the use of Miller *versus* Snyder's Adm'rs.

1. Twenty years raise a presumption of payment of a distributive share of an intestate's estate: the computation is from the time the money is demandable.

2. In a suit on an administration bond, the presumption begins primâ facie at the expiration of a year, when the administrators may be cited to settle: proof to prevent the presumption is on the claimant.

3. The presumption is not rebutted by the settlement of an administration account showing a balance, that being no admission that it has not been paid to the distributees.

4. The distribution of a decedent's estate is not required to await the final settlement.

5. A decree of distribution is not necessarily predicated of a settled

account, partial or final, but may be made on a "statement" under the Act of February 1834.

6. The practice of blending an administration with a distribution account is erroneous, and fraught with the mischief of confusion and disorder.

7. An administration account was filed showing a balance against the administrators; to it was appended a statement that they had paid the 'balance to the distributees and held their receipts. In an action brought nearly twenty years after filing the account, this was to be taken in connection with the account: it was in nature of a *protestando* in pleading.

May 11th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Somerset county :* No. 73, to May Term 1869.

This was a scire facias at the suit of the Commonwealth, to the use of Mary C. Miller, against Michael Snyder and Henry D. Snyder, administrators, &c., of Dewalt Snyder, deceased, on a transcript from the Orphans' Court of the balance appearing to be due on the administration account of the defendants.

Some time before June 30th 1830, the decedent died intestate, leaving eleven children, Mary C. Miller being one.   Administration of his estate was granted to the defendants, who, on the 30th of June 1830, filed an account of the personal estate, which was confirmed on the 3d of the next September.   On the 1st of September 1831, in pursuance of an order of the Orphans' Court, they sold the real estate of the decedent for $3259, one-sixth payable. in hand, and the remainder in five equal annual instalments, the last falling due in 1836.   They charged themselves with the proceeds in a "final administration account," filed June 17th 1846. After claiming credits to the amount of $338.43, they added the following statement :—

"The foregoing administrators, in connection with Jacob Knable, filed an account on the estate of Dewalt Snyder, on the 30th of July 1830, in which they accounted for all the personal property, leaving a balance coming to the heirs (there being no widow), of $1155.32, which said sum was distributed amongst the heirs and legal representatives of said intestate.

"The administrators also paid out to the heirs all the fund arising out of the sale of the real estate as the same came to their hands.   After accounting together for the above assets and the advancements, each heir acknowledged the receipt of $436 of the estate, real and personal, which receipts are now in the hands of said administrators."

This account was confirmed September 7th 1846.

On the 1st of June 1866, a certificate of the balance was filed in the Court of Common Pleas, and this scire facias was issued for what the plaintiff alleged was her share.

Mary Altfather, a witness for the plaintiff, testified that one of the defendants told her that he offered to pay the plaintiff $20,

[Commonwealth v. Snyder.]

but she would not take it. Mary Stevens also testified to facts tending to show that this conversation occurred about nineteen years before the trial.

The plaintiff's points were:—

1. The presumption of payment did not begin to run until the 7th of September 1846, when the account of the administrators was confirmed by the Orphans' Court of Somerset county.

2. The plaintiff is entitled to recover the one-eleventh of the amount found due her, on the account of the administrators, confirmed 7th September 1846, with interest from that date.

3. The memorandum on the account, as filed 17th June 1846, by the administrators, is not evidence of payment made by the administrators to the heirs, and the memorandum can in no way impair the plaintiff's right to a verdict.

4. The confirmation of the account of the administrators, of 7th September 1846, rebutted any presumption that may have existed in the case from lapse of time, and plaintiff must have the verdict.

The court (King, P. J.) recapitulated the evidence, and charged:—

"These facts appear in the evidence offered by the plaintiff; no evidence has been offered by the defendants. They rely, however, upon the presumption of payment arising from lapse of time, as a complete defence to the claim of the plaintiff, and contend that it must be computed from the year 1836, when the last instalment of the purchase-money for the land sold by them became due and was received by them, and not from the 7th of September 1846, when their last account was confirmed.

"If the twenty years which the law holds to be equivalent to evidence of actual payment, begins to run from the time the plaintiff and her co-heirs could have cited the administrators to file their account, the defence is made out, unless sufficient evidence has been added to repel the presumption arising from lapse of time.

["We think it is well settled that the lapse of twenty years will raise the presumption of payment against the claimant of a distributive share of an intestate's estate, whether real or personal, and that the time commences to run as soon as the parties entitled to the estate have a right to demand it.]

"Has the plaintiff produced any evidence to repel the presumption of payment? This is the next inquiry.

"It is strenuously urged that the filing of the account by the administrators, within the twenty years, is evidence enough for this purpose. The cases of McLean v. Finley, 2 Penna. R. 97, Foulk v. Brown, 2 Watts 209, and others cited by defendant's counsel, have ruled this point most decisively against the plaintiff. But

[Commonwealth *v.* Snyder.]

when the plaintiff, in order to rebut the presumption of payment, offers an account of nearly twenty years' standing, in which the accountants distinctly aver that they have paid to the heirs all the money due to them, we are authorized to repeat, with more than ordinary emphasis, that 'even the settlement of an administration account within twenty years does not repel the presumption, because it settles nothing with respect to the payments to the legatees or distributees.'

["While the memorandum or statement appended to the account may not, by itself, be evidence of payment of money to a distributee, in an estate recently settled, it ought to be allowed some force after so great a lapse of time as has passed in this case.] Computing the time from the filing and confirmation of the account, it falls short by less than three months of the twenty years required to raise the presumption of payment; but when it appears that it is nearly thirty years since the money charged against accountants came to their hands, the statement in the account, that it had all been paid to the heirs, especially when the account, confirmed without complaint or exception from any quarter, lends additional strength to the presumption of law, if it does not amount to conclusive proof of payment.

"But the plaintiff further contends that the testimony contained in the depositions of Mary M. Altfather and Mary Stephens, repels the presumption of payment. * *

["Does the fact proved by Mary Altfather establish the existence and non-payment of the debt claimed by the plaintiff? If the money was offered in part payment of the plaintiff's claim, why was it not accepted? It looks to us rather like a denial of the plaintiff's right than an acknowledgment of it, and that the twenty dollars were offered as a mere gratuity.] We submit it, however, to you to say whether it was an acknowledgment of the plaintiff's claim, and if so, whether it was within twenty years before the commencement of this suit."

In answer to the plaintiff's points, the judge said:—

"The propositions contained in the plaintiff's points have already been substantially met.

"The first is negatived. The ground of the plaintiff's claim does not commence with the filing or confirmation of the administration account. She had a right to demand the money due to her, when it came to the hands of the administrators, or at least when the whole purchase-money for the land sold was due and payable, and the twenty years began to run from the time the administrators could have been compelled to file their account.

"We refuse to instruct you as requested in the 2d point.

[Commonwealth v. Snyder.]

" Our general charge contains a full and distinct answer to the 3d point.

" The rule contended for in the 4th point is in direct conflict, as we believe, with the principles established in McLean v. Finley and Foulk v. Brown, and we therefore refuse to affirm it."

The verdict was for the defendants.

The plaintiff took out a writ of error, and assigned for error the answers to her points and the parts of the charge in brackets.

*A. J. Colborn*, for plaintiff in error.—The Orphans' Court now has exclusive jurisdiction in the distribution of intestates' estates : Ashford v. Ewing, 1 Casey 213 ; Whiteside v. Whiteside, 8 Harris 474. No action for a distributive share, therefore, can be maintained until the amount is fixed by the Orphans' Court. The presumption of payment after twenty years is primâ facie only : Reed v. Reed, 10 Wright 242. Less than twenty years does not raise a legal presumption : Webb v. Dean, 9 Harris 32. Administrators are liable on their settlement, and should have given notice of their readiness to pay : Hengst's Appeal, 12 Harris 421 ; Walthour v. Walthour, 2 Grant 102.

*Baer & Baer*, for defendants in error.—The twenty years to raise a presumption of payment are to be computed from the time the money was demandable : Sechrist v. Sechrist, 1 Penna. R. 420 ; McLean v. Findley, 2 Id. 100 ; Foulk v. Brown, 2 Watts 218 ; Wilkinson's Estate, 1 Parsons' R. 176. Less than twenty years, with circumstances, may raise a presumption of payment : Hughes v. Hughes, 4 P. F. Smith 240.

The opinion of the court was delivered, July 6th 1869, by

SHARSWOOD, J.—It has not been and cannot be contended that the lapse of twenty years does not give rise to a presumption of payment of the distributive shares of the estate of an intestate, and that the computation begins from the period when the money is demandable : Diemer v. Sechrist, 1 Penna. R. 419. When it may be legally demanded is the principal difficulty. In the case of a suit upon an administration bond it was held to begin primâ facie at the expiration of a year, when the administrators might have been cited to file their accounts ; so that proof of circumstances to prevent the presumption from starting at that time, rested on the claimant : McLean v. Findley, 2 Penna. R. 97. In the proceeding now before us where the demand is for a share of the proceeds of real estate sold by the order of the Orphans' Court, the application of the same principle seems to require that it should date from the receipt of the purchase-money by the administrators, before which a citation to them would have availed nothing. It was settled, however, by this court, while an action could be

[Commonwealth *v.* Snyder.]

maintained at common law to recover a distributive share, that the presumption was not rebutted by the settlement of an administration account, which though it might show a balance in the hands of the accountants, was no admission that it had not been paid over or distributed to those entitled, the distribution having no place properly in the administration account: McLean *v.* Findley, 2 Penna. R. 97 ; Foulk *v.* Brown, 2 Watts 209.

It is earnestly contended, however, that since subsequent Acts of Assembly have vested exclusive jurisdiction in the matter of the distribution of the estates of decedents in the Orphans' Court, so that no action at common law can now be maintained, the decisions in these cases are no longer applicable in the existing state of the law: Ashford *v.* Ewing, 1 Casey 213. The process of the Orphans' Court is a citation to the administrators to file an account as far as they have administered and to make distribution of what may be in their hands, and when therefore they come in and voluntarily file an account showing a balance it is no more than could have been compelled by an adverse proceeding, and the period therefore from which the presumption should now be computed ought to be the date of the final confirmation of the account, when the heirs could first ask for a decree of distribution. This argument has great force and is entitled to serious consideration. It overlooks, however, as it appears to us, a very material feature in our system ; which is, that the distribution of the estate of a decedent is not required to await the settlement of the final administration account. If it were so it might be unnecessarily postponed to a very late period. Accordingly the Act of February 24th 1834 (Pamph. L. 80), after enacting that "no administrator shall be compelled to make distribution of the goods of an intestate, until one year be fully expired from the granting of the administration of the estate," goes on to provide that "whenever distribution as aforesaid shall be required by any person interested, the administrator shall present to the Orphans' Court having jurisdiction of his accounts, a statement of all demands against the estate, which have been made known to him, and after deducting the amount thereof from the assets in his hands, together with such further sums as may be necessary to pay the interest and costs of suit of such as may be in dispute and of such as he may deem it his duty to dispute, make distribution of the residue, under the direction of the Orphans' Court aforesaid." And by the 40th section : "After six months elapsed from a distribution made as aforesaid, the like proceedings, in all respects, may be had for the distribution of further assets, if any shall then remain after deducting as aforesaid for other demands, which may have been made known to the administrator, and so from time to time, until the whole estate shall be settled and distributed." These may and no doubt most commonly do take the form of partial accounts,

ending at last in a final account. But it is evident that at the end of the first year the administrator may have no account to settle: he may have paid no debts, and have therefore no credits to claim. In answer to the citation he may present therefore what the act terms " a statement," upon which a decree of partial distribution may be based. It is evident then that such a decree is not necessarily predicated of a settled account, partial or final. It follows that so far as the question before us is concerned, it has not been affected by the alteration of the law. The tribunal only has been changed. As funds are realized by the administrators the distributees may immediately, and from time to time, proceed to compel their distribution. The settlement of an administration account showing a balance due the estate is therefore no more now than formerly an admission that the amount is actually in the hands of the accountants, and has not been paid over. Administration is still one thing—distribution another and distinct thing. The practice of blending an administration with a distribution account has been condemned by this court in strong terms as erroneous and fraught with the mischief of confusion and disorder : Yundt's Estate, 6 Barr 35. It follows that the law on this subject was accurately stated to the jury by the learned judge below in his answers to the plaintiffs' points complained of in the 1st, 2d and 4th assignments of error.

There is no error injurious to the plaintiff in the answer to his point, which is the subject of the third assignment. Evidence was given with a view to rebut the legal presumption, and eventually the question was submitted to the jury. In this view it was entirely proper to instruct them that "while the memorandum or statement appended to the account may not of itself be evidence of payment of money to the distributee in an estate recently settled, it ought to be allowed some force after so great a lapse of time has passed in this case." The account was filed, as we have seen, not as a distribution account but *diverso intuitu.* The accountants could not properly include and claim credit for payments made to the heirs. But it was claimed as a solemn admission of record within the twenty years that there was that much money in hand undistributed. Surely the whole must be taken together on the familiar principle of evidence. The paper appended was in the nature of a *protestando* in pleading—an exclusion of a conclusion. To preclude the inference that by the final account showing a balance they meant to admit that the amount was not distributed, they appended the statement that they held receipts in their hands from each heir in full for their respective shares. After a lapse of time only three days short of twenty years from the filing of that account to the commencement of this proceeding, it was certainly a circumstance to be submitted to the jury with the evidence offered and received to rebut the legal pre-

[Commonwealth *v.* Snyder.]

sumption. This evidence was very slight. A single witness testified that, some nineteen years before the taking of the deposition, perhaps about a year after the filing of the account, one of the defendants told her that he had offered to pay the plaintiff twenty dollars, and that she would not take it. The remarks of the learned judge upon this evidence in his charge form the subject of the 5th assignment of error. He had an undoubted right to express to the jury his opinion that it did not amount to an acknowledgment of the plaintiffs' claim, but he nevertheless submitted the question to them. There are some other points made in the printed argument, but as they do not appear to have been raised below, and are not included in the assignments of error, we are not required to consider them.

                                        Judgment affirmed.